UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: YAN SUI | CASE NO. SA CV 18-2291 MWF <br><br> ORDER REMANDING BANKRUPTCY COURT'S ORDER GRANTING TRUSTEE'S MOTION FOR SETOFF |

Before the Court is an appeal from the United States Bankruptcy Court (the Honorable Catherine Bauer, United States Bankruptcy Judge). Yan Sui and Pei-yu Yang appeal from the Bankruptcy Court's Order Granting Trustee's Motion for Setoff. Pursuant to 28 U.S.C. § 158(a), the Court has jurisdiction over this appeal.

Appellants Yan Sui and Pei-yu Yang submitted an Opening Brief on August 6, 2019. (Docket No. 32). On September 4, 2019, Appellee Richard A. Marshack, the Chapter 7 Trustee ("Trustee"), submitted an Answering Brief. ("Answer" Docket No. 34). On September 9, 2019, Jess R. Bressi and Dentons LLP moved to join the Answer. (Docket No. 37). Appellants objected to the joinder. (Docket No. 39).

For the reasons discussed below, the Bankruptcy Court's Order Granting Trustee's Motion for Setoff is **REMANDED**. The Bankruptcy Court did not articulate a basis for granting the Setoff Motion.

## I. BACKGROUND

The parties share an extensive history. For the purposes of this appeal, the Court distilled their history down to the following relevant facts.

On July 27, 2011, Yan Sui filed a Chapter 7 voluntary petition. (Trustee's Supplemental Excerpts of Record ("TER") 2). On June 4, 2015, the Bankruptcy Court issued an order granting Trustee's Motion for an Order Authorizing Sale of Real Property ("Sale Order"). (TER 60). The net proceeds of the sale were $329,093.43 and Yang was entitled to a portion of the proceeds. (Answer at 4, 7).

Appellants were held in contempt and ordered to pay civil sanctions, jointly and severally, for their efforts to thwart the sale of the property in violation of the Sale Order. (Answer at 5). Trustee moved to offset the costs of the sale proceeds to be paid to Yang against the civil sanctions she owed. (Answer at 7).

Trustee filed a total of three setoff motions. (Answer at 8). Trustee filed the first setoff motion on December 28, 2015. (TER 70). The Bankruptcy Court granted that motion on February 19, 2016, and Appellants appealed to the BAP on March 1, 2016. (TER 71-72). On July 26, 2016, the BAP vacated one of the sanctions orders on which the first setoff order was based, and therefore also vacated and remanded the first setoff order. (TER 86). Trustee filed a second setoff motion on August 7, 2018, which the Bankruptcy Court granted on August 30, 2018. (TER 94). On September 12, 2018, Appellants filed a motion for withdrawal of the second setoff order. (Answer at 8). The Bankruptcy Court granted Appellants' motion for withdrawal on October 19, 2018. (Answer at 8). On November 6, 2018,

Trustee filed a third setoff motion (the "Setoff Motion") that the Bankruptcy Court granted on December 4, 2018. (Answer at 8). Appellants then commenced this appeal on December 27, 2018. (Docket No. 1).

## II. STANDARD OF REVIEW

A district court reviews a bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *See, e.g., In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007). Pertinent to this appeal, a bankruptcy court's decision to authorize a setoff is reviewed for abuse of discretion. *See In re Brown & Cole Stores*, LLC, 375 B.R. 873, 877 (B.A.P. 2007) ("We review decisions to allow or disallow setoff under § 553 for abuse of discretion.").

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or its factual findings are clearly erroneous. *See United States v. Hinkson*, 585 F. 3d 1247, 1262 (9th Cir. 2009) ("[T]he first step of our abuse of discretion test is to determine de novo whether the trial court identified the correct legal rule to apply to the relief requested."). Factual findings are clearly erroneous if they are "illogical, implausible, or without support in inferences that may be drawn from the record." *Id*.

## III. REQUESTS FOR JUDICIAL NOTICE

In conjunction with its Answer, Appellee requests the Court take judicial notice of three documents: (1) the Bankruptcy Court's Order Granting Motion for Entry of Amended Pre-Filing Order; (2) the Ninth Circuit's Pre-Filing Review Order; and (3) the District Court's Civil Minutes from a civil action Appellants filed, Case No. 13-cv-01607-JAK. (*See* Docket No. 40). Appellee's Request for Judicial Notice is unopposed.

Appellants also submitted a request for judicial notice for Appellants' Notice of Appeal from the Pre-Filing Order. (*See* Docket No. 42).

Judicial notice is appropriate under Federal Rule of Evidence 201 for facts "not subject to reasonable dispute," because they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is also appropriate for documents on which the complaint necessarily relies, and for matters of public record, provided the authenticity is not contested. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

The Court deems the documents Appellee submitted as readily verifiable court filings appropriate for judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). Accordingly, Appellee's Requests for Judicial Notice are **GRANTED**. Appellants' Request for Judicial Notice does not attach the actual notice, but rather provides a brief memorandum from Appellants about the notice and includes a case number. Appellants' Request for Judicial Notice is not a matter of public record or of a readily verifiable court filing, therefore Appellants' Request for Judicial Notice is **DENIED**.

## IV.     DISCUSSION

Appellants raise a plethora of arguments and issues, which they have litigated numerous times, despite a pre-filing order that bars them from raising the same issues. In light of that pre-filing order, the Court will only consider whether the Bankruptcy Court abused its discretion in granting Trustee's Setoff Motion.

Under 11 U.S.C. § 553, setoff refers to the right of a creditor to offset a mutual debt with the debtor. *See Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 19

(1995). To invoke the right of setoff under section 553, three requirements must be satisfied: "(1) the debtor owes the creditor a prepetition debt; (2) the creditor owes the debtor a prepetition debt; and (3) the debts are mutual." *In re Tenderloin Health*, 849 F. 3d 1231, 1241 (9th Cir. 2017) (internal quotations omitted).

Here, since neither the Setoff Motion nor the Bankruptcy Court's Order granting the Setoff Motion specifically invokes section 553, it remains unclear whether that is the provision the Bankruptcy Court relied on in granting the Setoff Motion. The Bankruptcy Court may have exercised its discretion to authorize a setoff as to post-petition debts, but that is not articulated in the Order. *See* 3 Collier *Bankr. Practice Guide* ¶ 66.12 (2019). The only explanation the Bankruptcy Court provided for its decision to grant the Setoff Motion is that it read and considered the papers the parties submitted and heard and considered the arguments made during the hearing. Specifically, the Bankruptcy Court stated:

> "The Court having read and considered the Motion, the opposition filed by Debtor and non-debtor, Pei-yu Yang ("Ms. Yang"), the Trustee's reply, and the surreply filed by Debtor and Ms. Yang, having heard and considered the arguments made on the record during the hearing, and with good case shown,
> IT IS ORDERED:
> 1. The Motion is granted."

The Court will not speculate as to the Bankruptcy Court's grounds for granting the Setoff Motion or whether the requirements under section 553 were met. It is apparent Appellants have an affinity for litigation. Nonetheless, because the Bankruptcy Court did not clearly provide a basis for granting the Setoff Motion, the granting of the Setoff Motion is **REVERSED**.

The Court remands for the application of the appropriate standards for determining whether to grant a setoff.

## V. CONCLUSION

For the reasons discussed above, the Court **REMANDS** the Bankruptcy Court's Order Granting the Trustee's Motion for Setoff.

IT IS SO ORDERED.

DATED: March 5, 2020

MICHAEL W. FITZGERALD
United States District Judge

CC: Bankruptcy Court